**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FOLIAR NUTRIENTS, INC.,

        Plaintiff,

v.                                      Case No. 6:13-cv-748-Orl-37KRS

PLANT FOOD SYSTEMS, INC.; and
CARL J. FABRY,

        Defendants.

_____

**ORDER**

This cause is before the Court on the following:

1.     Plaintiff Foliar Nutrients, Inc.'s Motion to Strike the Astley Declaration in Its Entirety and Portions of the Fabry Declaration (Doc. 88), filed February 10, 2014;

2.     Defendants Plant Food Systems, Inc.'s, and Carl J. Fabry's Response in Opposition to Foliar Nutrient, Inc.'s Motion to Strike the Astley Declaration in Its Entirety and Portions of the Fabry Declaration (Doc. 95), filed February 27, 2014;

3.     Defendants Plant Food Systems, Inc.'s and Carl J. Fabry's Motion to Strike the Robert Adair Declaration in Its Entirety and Portions of the Monty Ferrell Declaration (Doc. 99), filed March 3, 2014;

4.     Plaintiff Foliar Nutrients, Inc.'s Memorandum of Legal Authority in Opposition to Defendants' Motion to Strike (Doc. 105), filed March 19, 2014;

5.     Supplemental Declaration of Robert C. Adair (Doc. 106), filed March 19, 2014;

6.    Declaration of Markus W. Germann (Doc. 107), filed March 19, 2014;

7.    Defendants Plant Food Systems, Inc.'s and Carl J. Fabry's Motion to Strike the Supplemental Robert Adair Declaration and the Dr. Markus Germann Declaration in Their Entirety (Doc. 108), filed March 21, 2014; and

8.    Plaintiff Foliar Nutrients, Inc.'s Memorandum in Opposition to Defendants' Motion to Strike the Untimely Supplemental Robert Adair Declaration and the Dr. Markus German Declaration in Their Entirety (Doc. 118), filed April 7, 2014.

The parties to this action have each moved to strike declarations that their opponent filed in support of the pending cross-motions for summary judgment. (Docs. 88, 99, 108.) They cite no authority for the proposition that such declarations can be challenged by a separate motion to strike (*see id.*), as indeed, none exists. A motion to strike pursuant to Federal Rule of Civil Procedure 12(f) is appropriate to request the Court to strike "from a pleading" an insufficient defense or a redundant, immaterial, impertinent, or scandalous matter; it is not an authorized motion for any other purpose. *See Great Am. Ins. Co. v. Moye*, 8:10-cv-330, 2010 WL 2889665, at *1 (M.D. Fla. July 19, 2010) ("Because motions and affidavits are not pleadings, a party may not move to strike matters from motions or affidavits."); *Ali v. City of Clearwater*, 915 F. Supp. 1231, 1236 (M.D. Fla. 1996) ("As a procedural matter, Rule 12(f) is not the proper avenue to strike an affidavit."); *cf. Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (noting that "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial"); *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (cautioning

that motions to strike "are not favored, [are] often . . . considered 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties"). The parties' motions were therefore filed in contravention of the rules.[1]

Defendants' second motion to strike (Doc. 108) was apparently prompted by the equally unauthorized filing of certain declarations of Robert Adair and Dr. Markus Germann. (Docs. 106, 107.) These declarations were untimely if they were intended to be evidence for consideration by the Court in connection with the resolution of the pending cross-motions for summary judgment and were unauthorized if intended for any other purpose.

The Court will consider the pending motions for summary judgment in light of the briefings and submissions that were authorized by the Court, the Federal Rules of Civil Procedure, and the Local Rules. To the extent that the parties contest the admissibility of each other's submissions, that briefing should have been confined to the authorized motions, responses, replies, and surreply. The parties are cautioned that failure to adhere to the Court's rules in the future may result in the imposition of sanctions.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    Plaintiff Foliar Nutrients, Inc.'s Motion to Strike the Astley Declaration in Its Entirety and Portions of the Fabry Declaration (Doc. 88) is **DENIED**.

2.    Defendants Plant Food Systems, Inc.'s and Carl J. Fabry's Motion to Strike

---

[1] The Court recognizes that it has the authority to treat the parties' improper motions as if they were properly raised as objections to the affidavits. *McKissic v. Country Coach, Inc.*, 68 UCC Rep. Serv. 2d 519 (M.D. Fla. 2009). Because the parties raised their objections by separate motion rather than including them in the authorized responses, replies, and surreply, the Court declines to do so in this case.

the Robert Adair Declaration in Its Entirety and Portions of the Monty Ferrell Declaration (Doc. 99) is **DENIED**.

3.    Defendants Plant Food Systems, Inc.'s and Carl J. Fabry's Motion to Strike the Supplemental Robert Adair Declaration and the Dr. Markus Germann Declaration in Their Entirety (Doc. 108) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 14, 2014.

ROY B. DALTON, JR.
United States District Judge

Copies:

Counsel of Record